D'ARCY v. SHEFFIELD CAR CO.

(Circuit Court of Appeals, Sixth Circuit. May 5, 1914.)

No. 2450.

PATENTS (§ 328*)—INVENTION—SPRING CUSHION.
The D'Arcy patent, No. 726,817, for a spring cushion structure, claims 1 and 2, *held* void for anticipation and lack of patentable invention.

Appeal from the Circuit Court of the United States for the Western District of Michigan; Loyal E. Knappen, Arthur C. Denison, and Clarence W. Sessions, Judges.

Suit in equity by Frank P. D'Arcy against the Sheffield Car Company. Decree for defendant, and complainant appeals. Affirmed.

See, also, 194 Fed. 686, 116 C. C. A. 322.

F. L. Chappell, of Kalamazoo, Mich., for appellant.
F. C. Lowthorp, of Trenton, N. J., for appellee.

Before WARRINGTON, Circuit Judge, and SATER and SANFORD, District Judges.

SANFORD, District Judge. This suit was brought by the appellant, Frank P. D'Arcy, by bill in equity against the appellee, the Sheffield Car Co., for the alleged infringement of letters patent No. 726,817, for improvements in springs, issued to said D'Arcy April 28, 1903. This patent contained three claims. The defenses were that D'Arcy was not the original inventor of the patented structure, that the patent was void for anticipation and want of patentable invention, and that there had been no infringement. After a hearing on pleadings and proof, a decree was entered adjudging and decreeing that D'Arcy's patent was good and valid, and that he was its original inventor; that the defendant had not infringed the first and second claims of the patent, but had infringed the third claim; and accordingly dismissing the bill as to the first and second claims, but as to the third claim ordering a reference for the ascertainment of profits and damages, and perpetually enjoining further infringement. From this interlocutory decree adjudging an infringement of the third claim and ordering an injunction and accounting, the defendant, the Sheffield Car Co. prayed and was granted a broad appeal to this court. On hearing such appeal, this court, being of the opinion, after an extended consideration of the merits, that claim 3 of the D'Arcy patent was void on account of anticipation and want of patentable invention, reversed so much of the decree below as related to the said claim and remanded the cause to the court below with directions to dismiss so much of the complainant's bill as related to the

said claim, with costs. Sheffield Co. v. D'Arcy (6th Cir.) 194 Fed. 686, 694, 116 C. C. A. 322.

After receiving the mandate of this court, the court below entered a decree reciting that the bill of complaint had previously been dismissed as to the first and second claims of the patent, and thereupon dismissing the bill also as to the third claim, with costs, in accordance with the mandate.

From this decree the complainant D'Arcy prayed and was granted a broad appeal to this court, and has assigned various errors, all of which, in effect, relate to the action of the court below in dismissing his bill of complaint as to claims 1 and 2 of his patent.

The invention claimed by D'Arcy relates to improvements in spring cushion structures for seats and the like. The structure disclosed in the specifications and drawings of his patent, as fully set forth in our former opinion (pp. 687, 688), consists of a series of cross-strips of flat sheet metal, fixed transversely in a substantially rectangular seat frame, each cross-strip having mounted upon it a row of spiral springs in an upright position, which are held to the cross-strip and supported and retained in position by turning inward the opposite edges of the cross-strip and folding them back so as to embrace the opposite sides of the bottom coil of each of the springs.

On the former appeal it was held, as the ground of decision, that claim 3 of D'Arcy's patent, which is its broad claim, was clearly anticipated by letters patent No. 114,112, issued April 25, 1871, to Delos V. Crandall, on improvements in bed springs, as described on page 691 of our former opinion; our conclusion, after careful consideration, being, as stated on page 693, that even if claim 3 of D'Arcy's patent should be construed so as to include the function of the metal strip as a cross-piece retaining a series of springs in the frame, nevertheless, "as it, in effect, merely extended and enlarged the metal plate of the Crandall device, so as to combine integrally in one device the function of that metal plate as a means of securing the springs attached thereto, and the function of a metallic cross-piece, old in the art, as a means of retaining a series of springs in their place in the frame of a spring structure, giving no new result different from that obtained by a separate metallic cross-piece with the Crandall metal plates riveted thereon, it involved merely mechanical skill, and not invention, and is accordingly void."

The correctness of this holding is not now directly questioned by appellant; and in the argument at bar was, in terms at least, conceded. And even if, in effect, it is somewhat indirectly questioned by inference from the argument in appellant's brief, we find, on careful reconsideration, no substantial reason to doubt the correctness of the conclusion reached. See also, as to the effect of such prior holding, Chesapeake Co. v. McKell (6th Cir.) 209 Fed. 514, 126 C. C. A. 336. Obviously, however, as our former opinion as to the invalidity of claim 3 of the patent was based upon its anticipation by the Crandall device and want of patentable invention, and not upon the question of infringement, it follows, as its necessary consequence, that a like result

must be reached as to claims 1 and 2, unless they disclose elements of patentable invention not appearing in claim 3, and differentiating them from that claim in respect to the matters considered in the former opinion.

We find, however, no such elements of differentiation, either arising from the limited scope of claims 1 and 2 as contrasted with the broad scope of claim 3, or otherwise. Clearly the fact that claim 1 discloses, by letter references, a spring structure in which the bottom coils of the conical springs are "conformed to the cross-strips," shows no element of patentable invention differentiating this claim from claim 3. Conformity of the lower coil of the spring to the metal plate plainly appears in the earlier Crandall device. See Fig. 1 on p. 691 of our former opinion.

We are therefore constrained to conclude, without repeating the reasons stated in our former opinion, that claims 1 and 2 of the D'Arcy patent were, as well as claim 3, completely anticipated, in their essential features, by the Crandall device, and that in their extension and enlargement of the metal plate of that device, so as to combine integrally in one device the functions of a metal plate securing the individual springs, and of a metal cross-piece retaining a series of springs in the frame, they involved merely mechanical skill, and not invention, and are accordingly void.

For this reason, without determining the other questions discussed in the briefs and argument, we conclude that the court below correctly dismissed so much of the bill of complaint as related to claims 1 and 2 of the patent in suit. The decree will accordingly be affirmed, with costs.